IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARWIN HUGGANS,
#34513-044,

Petitioner,

vs.

T. G. WERLICH,

Respondent.                                    Case No. 18-cv-01020-DRH

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Darwin Huggans is currently incarcerated in the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"). He brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Relying on the United States Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016), Huggans challenges his sentence in *United States v. Huggans*, No. 07-cr-00541-CDP-1 (E.D. Mo. 2007).

He claims that his sentence was wrongfully enhanced based on two prior convictions in Missouri for second-degree trafficking in 1990 and for possession of cocaine in 1995. (Doc. 1, pp. 1-23). According to the Petition, these convictions no longer support an enhanced sentence under 21 U.S.C. § 851 or 21 U.S.C. § 841(b)(1)(A) because the statutes of conviction cover a broader swath of conduct than the generic federal offense. (Doc. 1, pp. 6, 16-20). In light of *Mathis*, Huggans asks this Court to vacate his sentence and remand his case to

1

the Eastern District of Missouri for resentencing. (Doc. 1, p. 8).

This matter is now before the Court for preliminary review of the § 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

It is not plainly apparent that the Petition should be dismissed at screening, particularly given the still-developing application of *Mathis* in this context. *See, e.g., United States v. Redden*, 875 F.3d 374 (7th Cir. 2017) (career offender enhancement of sentence based on Illinois controlled substance convictions was proper); *but see United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) (Texas offense of delivering a controlled substance includes conduct falling outside § 4B1.2(b) and is therefore not a "controlled substance offense"); *United States v. Madkins*, 866 F.3d 1136, 1145 (10th Cir. 2017) (same conclusion about Kansas law). In light of this, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b), and a response shall be ordered.

## Disposition

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead within thirty days of the date this order is entered (on or before

June 18, 2018).[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ALSO ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.05.17
14:26:30 -05'00'

**United States District Judge**

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.