IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARWIN HUGGANS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18-CV-1020-SMY |
| | ) |
| WARDEN ERIC WILLIAMS, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Darwin Huggans' Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). For the following reasons, the Petition will be **DENIED**.

**Factual and Procedural Background**

Huggans is a federal prisoner that was incarcerated at FCI-Greenville, within the Southern District of Illinois, when he filed this habeas petition. After a bench trial finding him guilty of conspiracy to distribute more than five kilograms of cocaine and attempt to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, the District Court for the Eastern District of Missouri sentenced him to life imprisonment on October 7, 2009 (Doc. 10-1). His sentence was enhanced under 21 U.S.C. § 851, based on two prior convictions in Missouri for "felony drug offenses," as defined in 21 U.S.C. § 802(44) (Doc. 10-2). These two convictions were detailed in the Criminal Information as follows:

> The defendant, Darwin Markeith Huggans, has the following prior State of Missouri felony drug convictions:

> (a) On August 30, 1990, in the Circuit Court for the City of St. Louis, in Cause Number 891-03557, of the offense of trafficking second degree [Mo. Rev. Stat. § 195.223] and on October 26, 1990, was sentenced to a term of ten years imprisonment;
>
> (b) On February 14, 1995, in the Circuit Court for the City of St. Louis, in Cause Number 931-3470, of the offense of possession of cocaine [Mo. Rev. Stat. § 195.202], and was sentenced to a term of five years imprisonment.

(Doc. 10-2).

Huggans filed the instant petition on April 26, 2018 (Doc. 1). Relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), he alleges that his 1990 Missouri conviction for trafficking drugs in the second degree in violation of Mo. Rev. Stat. § 195.223 should not have been used to enhance his sentenced under 21 U.S.C. § 851. Specifically, Huggans argues that this prior state drug conviction does not qualify as a "felony drug conviction" under 21 U.S.C. §§ 841(b)(1)(A) and 802(44) because Missouri's drug statute is broader than the "felony drug conviction" definition (Doc. 1 at 16). The Government responded in opposition to the Petition (Doc. 10), and Huggans submitted a reply (Doc. 15).

On September 18, 2018, following the decision of the Seventh Circuit in *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), Huggans sought and obtained leave to supplement his Petition (Doc. 17). He then argued that his 1995 Missouri conviction in violation of Mo. Rev. Stat. § 195.202 for possession of a controlled substance should not have been used to enhance his sentence because it is an indivisible statute that sweeps more broadly than the definition of

a "felony drug offense" (Doc. 18, pp. 1-2). The Government responded in opposition (Doc. 21), and Huggans submitted a reply (Doc. 29).[1]

## Discussion

Petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Consequently, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, § 2255(e) contains a "savings clause" by which a federal prisoner may file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); s*ee United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

Under § 2241, a petitioner must demonstrate the inability of a § 2255 motion to cure the defect in the conviction because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir.

---

[1] On June 11, 2021, while this Petition remained pending, the Eastern District of Missouri resentenced Huggans to 288 months imprisonment based on his motion seeking compassionate release under the First Step Act and noted that sentence was "within the current advisory guidelines range if Huggans was to be sentenced today." *United States v. Darwin Markeith Huggans,* Case No. 07-cr-00541-CDP (E.D. Mo. Jun. 11, 2021, Doc. 318).

1998). Following *Davenport*, the Seventh Circuit has enunciated a three-part test for determining whether § 2255 is inadequate or ineffective so as to trigger the savings clause: (1) The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion); (2) The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and (3) A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice." *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original), citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016).

Huggans' Petition does not trigger the "savings clause." First, although Huggans meets the first two elements under the law of this Circuit confirming the retroactive applicability of *Mathis* as a new statutory case, the Eighth Circuit has not reached the same conclusion. See, *Winarske v. United States*, 913 F.3d 765, 768 (8th Cir. 2019) (noting that *Mathis* did not announce a new rule of law but is simply an interpretation of a long-standing categorical approach). Given that Eighth Circuit precedent is binding on Huggans' sentencing court, this Court will not presumptively apply the favorable law of the Seventh Circuit. *In re Davenport*, 147 F.3d 605, 612 (7th Cir. 1998) ("when there is a circuit split, there is no presumption that the law in the circuit that favors the prisoner of correct").

Even if this Court were to apply the favorable Seventh Circuit precedent to satisfy the first two elements of the savings clause, Huggans cannot demonstrate the third element – a miscarriage of justice. That requirement is satisfied by demonstrating "so fundamental a defect in [a] conviction as having been imprisoned for a nonexistent offense." *Id.,* 147 F.3d at

611. Because Huggans was sentenced in 2009 when the sentencing guidelines were already advisory, he cannot meet this requirement. *Perry v. United States,* 877 F.3d 751 (7th Cir. 2017) (reiterating that the guidelines have been advisory since 2005); *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013) ("an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory.")

As noted in the Order, Findings, and Conclusion of the sentencing court, the applicable statutory sentencing range for Huggans' conviction at the time of sentencing was a minimum term of ten years and a maximum term of life imprisonment (Doc. 10-4, pp. 8, 11, 16). 21 U.S.C. § 841(b)(1)(A)(ii)(II). Because Huggans' life sentence fell within the statutory maximum sentence allowed under the statute, he cannot show a miscarriage of justice even if he is correct that his prior convictions should not have enhanced his sentence to a minimum of life imprisonment. *Hawkins v. United States,* 724 F.3d 915, 917 (7th Cir. 2013) (postconviction relief is not proper where "the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly").

## Disposition

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days after the entry of the judgment. Fed. R. App. P. 4(a)(1)(A).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Huggans does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. §1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**
**DATED: September 27, 2022**

STACI M. YANDLE
United States District Judge